IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Rosenberg, | C/A No. 0:10-1555-DCN-PJG |
| Plaintiff, | |
| v. | |
| US District Judge Cameron Currie; Assistant US Attorney Dean Eichelberger; US Marshal Service; Lexington County, SC; Lexington County Detention Center ("LCDC"); Major Joseph Queg, III, Head of LCDC; Orangeburg County, SC; Calhoun County, SC; Orangeburg Calhoun County Detention Center, SC ("OCDC"); Chief James, Head of OCDC; OCDC Guard Ms. Lee; Four Unknown OCDC Guards, | ORDER AND REPORT AND RECOMMENDATION |
| Defendants. | |

The plaintiff, Stephen Rosenberg, ("Plaintiff"), a self-represented federal prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A. Plaintiff is in custody at the Ocilla County Jail in Ocilla, Georgia, pursuant to a judgment of this court. See C/A No. 3:09-765-CMC. In his Complaint, Plaintiff makes allegations against both federal and state entities for issues relating to his conviction and incarceration.

As an initial matter, Plaintiff has filed a motion to recuse "all 4th Circuit judges and magistrates." (ECF No. 13.) To the extent the motion seeks recusal of the assigned magistrate judge, the motion is denied for the reasons discussed below. Additionally, the court recommends that with regard to any other judicial officer within the jurisdiction of the United States Court of Appeals for the Fourth Circuit, this motion similarly be denied.

## MOTION FOR RECUSAL

Plaintiff has filed a letter dated July 21, 2010 in which he demands the recusal of "all 4th Circuit judges and magistrates." (ECF No. 13.) The reasons he lists are largely reiterations of allegations in the complaint, including his belief that "THE 4TH CIRCUIT (DISTRICT AND APPEALS COURTS) ARE NOT REALLY AMERICAN COURTS BUT 'STROM THURMOND'S KLAN CIRCUIT' WITH CROOKED AND VINDICTIVE 'WHITE RACIST' JUDICIAL SLUT LACKEYS OF STROM SUCH AS CAMERON CURRIE AND MARCHANT." (Id. at 1.) His reasons, such as they are, continue in this vein, with the gravamen being that South Carolina is too racist to produce a fair judiciary.

Title 28 U.S.C. § 455 governs disqualification of federal appeals court justices, district court judges, and magistrate judges. In pertinent part, the section reads:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>     (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . .

28 U.S.C. § 455.

In the Fourth Circuit, the standard articulated in subsection (a) is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, since judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998). The "reasonable person" is a "well-informed, thoughtful observer," but not

one who is "hypersensitive or unduly suspicious." In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

Plaintiff has made no allegations warranting recusal under § 455(a) or (b). He makes no allegations regarding the United States Magistrate Judge or District Judge assigned to the instant case; rather, he merely advances the utterly unsupported statement that the courts encompassed within the Fourth Circuit operate pursuant to racist motivations. The court discerns no argument or allegations in the materials submitted by Plaintiff that raise any reasonable question regarding its impartiality as contemplated by 28 U.S.C. § 455(a). With regard to subsection (b)(1), bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1025 (7th Cir. 2000). Here, Plaintiff has not even alleged—much less demonstrated by compelling evidence—any personal bias or prejudice on the part of the assigned magistrate judge, or any other judge encompassed by the breadth of his motion, which might require recusal under 28 U.S.C. § 455(b)(1).

Finally, the court observes that even if 28 U.S.C. § 455 required the recusal of the judges in this circuit, the "rule of necessity" likely compels denial of such a motion in this particular case. See United States v. Will, 449 U.S. 200 (1980). The common law rule of necessity holds that " 'wherever it becomes necessary for a judge to sit even where he has an interest—where no provision is made for calling another in, or where no one else can take his place—it is his duty to hear and decide, however disagreeable it may be.' " Id. at 214 (quoting Philadelphia v. Fox, 64 Pa. 169, 185 (1870)). A judge should not refuse to hear a case " 'if failure to do so would result in a denial of a litigant's constitutional right to have a question, properly presented to such court, adjudicated.' " Id. (quoting State ex rel. Mitchell v. Sage Stores Co., 143 P.2d 652, 656 (Kan. 1943)). Indeed, the very relief

Plaintiff seeks in his motion—to have all the justices, district judges and magistrate judges in the Fourth Circuit recuse themselves from his case—would render his case unhearable in all federal courts that can arguably exercise jurisdiction. Therefore, even if Plaintiff had alleged factors that would militate in favor of recusal under 28 U.S.C. § 455, the rule of necessity would operate to require this court to deny the motion for recusal.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff was convicted of several crimes after sending threatening letters to Senior United States District Judge Matthew J. Perry, Jr. He was found guilty by a jury on March 17, 2010 of violating 18 U.S.C. § 875(c), which prohibits communications in interstate or foreign commerce "containing any threat to kidnap any person or any threat to injure the person of another," and of violating 18 U.S.C. § 1503(a), which prohibits "by any threatening letter or communication, endeavors to influence, intimidate, or impede any . . . officer in or of any court of the United States."

The majority of Plaintiff's Complaint discusses his beliefs about "white racism," and alleges that he is incarcerated due to such. For example, he states:

> THIS LAWSUIT BE HEARD MY [*sic*] A JUDGE IN NON-"WHITE RACIST" CONFEDERATE STATE. AS EVERYONE KNOWS, THE 4TH CIRCUIT IS THE STROM THURMOND "KLAN CIRCUIT." SC IS THE ONLY STATE STILL FLYING THE CONFEDERATE SWASTIKA . . . AS OHIO STATE UNIVERSITY PROFESSOR STEVEN CONN CORRECTLY STATED IN A SEPT. 2009 EDITORIAL, THERE IS SOMETHING MENTALLY WRONG WITH THE PEOPLE IN SC. THE <u>WHITE</u> PEOPLE DO NOT WANT TO BE PART OF THE USA AND FOLLOW OUR USA LAWS. THEY STILL REALLY WANT "TO SECEDE AND FORM THEIR OWN NATION: THE WHITE PEOPLE'S REPUBLIC OF UPPER GEORGIA."

(Compl., ECF No. 1 at 2.)

Most of the Complaint continues in this vein, and it is therefore difficult to discern exactly what causes of action Plaintiff is attempting to litigate. However, of all the allegations made in the Complaint, none states a plausible claim for relief. <u>Iqbal</u>, 129 S. Ct. at 1949. Liberally construed, the Complaint appears to attempt to assert the causes of action identified below.

The first cause of action is best characterized as a malicious prosecution claim and appears to be asserted against all defendants. Plaintiff claims that his convictions for

threatening a District Judge are in retaliation by Defendants for his "LEGALLY CORRECT WEST POINT REFUSAL TO 'KEEP QUIET' ABOUT THEIR <u>WHITE</u> RACISM, <u>WHITE</u> CORRUPTION AND <u>WHITE</u> VINDICTIVENESS." (Compl., ECF No. 1 at 3.) The second cause of action seeks damages for indignities allegedly suffered by Plaintiff while housed at Ocilla County Jail. He complains that he is not allowed out of his cell for long periods, and that his cell has no faucet, stool, or desk. (Compl., ECF No. 1 at 2, 7.) Finally, in the third cause of action, Plaintiff complains that guards at Orangeburg-Calhoun Detention Center verbally threatened him. (Compl., ECF No. 1 at 6.)

## DISCUSSION

Plaintiff names as defendants both state and federal actors. As such, he appears to bring this case pursuant to both 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971). Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. <u>Jennings v. Davis</u>, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. <u>McKnight v. Rees</u>, 88 F.3d 417(6th Cir. 1996) (emphasis added). Likewise, the purpose of a <u>Bivens</u> remedy is to deter violations by persons acting under color of federal law. See <u>FDIC v. Meyer</u>, 510 U.S. 471, 485 (1994). In <u>Bivens</u>, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A <u>Bivens</u> claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-20 (1982). Case

law involving § 1983 claims is applicable in Bivens actions and *vice versa*. See Farmer v. Brennan, 511 U.S. 825 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988).

### a. Parties

To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983. It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Many courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Thus, because Defendants Lexington County Detention Center and Orangeburg-Calhoun Detention Center are not persons, but are inanimate buildings, they are not amenable to suit in a § 1983 action and the claims against them must be dismissed.

Further, as part of a federal agency, the United States Marshals Service is not subject to suit under Bivens. See FDIC v. Meyer, 510 U.S. 471 (1994) (a Bivens action may be brought for damages against a federal agent, but not a federal agency).

Additionally, to the extent that Plaintiff's claims against United States District Judge Cameron McGowan Currie, the presiding judge in Plaintiff's criminal trial, stem from actions taken in her role as a judicial officer, Judge Currie is immune from suit for damages. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978) ("The factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). To the extent that Plaintiff's allegations are based on other actions of Judge Currie outside her judicial capacity (see Compl., ECF No. 1 at 6), the court finds that he has failed to plead sufficient facts to state a plausible claim. See Iqbal, 129 S. Ct. at 1953.

**b.   Claims**

As to the first cause of action for malicious prosecution, the Complaint is subject to dismissal with regard to all named defendants because Plaintiff has not successfully challenged the conviction that would necessarily be implied invalid if the court found for Plaintiff. In Heck v. Humphrey, 512 U.S. 477 (1997), the United States Supreme Court held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

> a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted). The holding of Heck also applies in civil rights suit against federal officials, such as an Assistant United States Attorney, and federal entities. See Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir. 2001); Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996); Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Williams v. Hill, 878 F. Supp. 269, 272 (D.D.C. 1995).

As to the second cause of action, Plaintiff has not named as defendants any person who is associated with the Ocilla County Detention Center. Nor has he alleged that any of the other defendants are responsible for the conditions at this facility. Therefore, even assuming that the conditions at this jail rise to the level of an Eighth Amendment violation for cruel and unusual punishment, Plaintiff has failed to identify a defendant who personally participated in the alleged violations. Iqbal, 129 S. Ct. at 1948-49.

Plaintiff's third cause of action must also be summarily dismissed. Courts have recognized that verbal harassment does not constitute cruel and unusual punishment in violation of the United States Constitution. See Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983"); see also Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) ("Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an

identified liberty interest."). Plaintiff's allegations therefore do not state a plausible § 1983 claim. See Iqbal, 129 S. Ct. at 1949.

## ORDER

To the extent it seeks disqualification of the assigned magistrate judge, Plaintiff's motion to recuse (ECF No. 13) is **DENIED**.

## RECOMMENDATION

The court recommends that complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Furthermore, to the extent that Plaintiff's motion to recuse (ECF No. 13) seeks disqualification of other judicial officers within the Fourth Circuit, it should be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 3, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).